STATE of Utah, Plaintiff and Appellee,

v.

Justin Chet SAWYERS, Defendant
and Appellant.

No. 910211–CA.

Court of Appeals of Utah.

Oct. 17, 1991.

Willard R. Bishop, Cedar City, for defendant and appellant.

R. Paul Van Dam and Sandra Sjogren, Salt Lake City, for plaintiff and appellee.

## OPINION

Before BENCH, GREENWOOD and ORME, JJ.

GREENWOOD, Judge:

Appellant, Justin Chet Sawyers, appeals his conviction of distribution of a controlled substance to a minor, a first degree felony, in violation of Utah Code Ann. § 58–37–8 (Supp.1990), on the basis that the trial court lacked jurisdiction. He also argues that the trial court order requiring him to submit handwriting exemplars violated his constitutional rights, and that the statute under which he was convicted has previously been found unconstitutional. We affirm.

## BACKGROUND

Sixteen-year-old Matthew Mandera told his mother that he was expecting a letter from Justin Sawyers. He asked her not to open it, but to put it up where the other children could not get it until he was released from juvenile detention. Notwithstanding that request, Ms. Mandera opened an envelope addressed to her son with a return address from "J. Sawyers" when it arrived at her home a few days later. Inside the envelope was a blotter square containing thirty hits of lysergic acid diethyla-

mide (LSD) wrapped in a paper bindle. Accompanying the blotter was a letter signed by "Justin," instructing Matthew what price to charge for the hits of LSD.

A police officer went to the home located at the return address on the envelope and arrested defendant, Justin Sawyers. Sawyers was charged by information with distribution of a controlled substance to a minor, a first degree felony in violation of Utah Code Ann. § 58–37–8 (Supp.1990).

At trial, Sawyers moved to dismiss the charges for lack of jurisdiction, based upon his claim that the Iron County Attorney was not authorized to hold office because he had not obtained an individual bond. Western Surety Company had issued Iron County a Public Employees Blanket Bond which was intended to cover all Iron County elected officials. The bond did not name any of the officials individually, nor was it recorded. None of the county officials had obtained individual bonds at that time. The trial judge denied the motion to dismiss and the jury returned a guilty verdict.

## ISSUES

On appeal, Sawyers argues that the trial court lacked jurisdiction because the Iron County Attorney and the Chief Deputy County Attorney lacked authority to file the information and to prosecute Sawyers. In addition, he claims the court erred by requiring him to submit handwriting exemplars and that Utah Code Ann. § 58–37–8 (Supp.1990) has previously been found unconstitutional.

## ANALYSIS

### Authority to Prosecute

▆ Sawyers argues that the Iron County Attorney and the Chief Deputy County Attorney had not properly complied with the statutory requirements qualifying them to hold office and thus, under Utah Code Ann. § 52–2–1 (1989),[1] their offices were vacated. Sawyers claims that they therefore lacked the authority to prosecute him and consequently, the trial court had no jurisdiction. He asserts various ways in which the prosecutors failed to meet the qualification requirements. Sawyers contends that the county attorney did not obtain an appropriate bond under Utah Code Ann. § 17–16–11 (Supp.1991),[2] and that the blanket bond was insufficient to meet the statute's requirement. In addition, Sawyers claims the county attorney did not properly record and file a bond as required by the statute. He also argues that the Chief Deputy County Attorney had not complied with the statutory requirements of Utah Code Ann. § 17–16–7(3) (Supp. 1991)[3] in the following ways: (1) he had not been effectively sworn into office because the Iron County Clerk was not individually bonded and therefore was not authorized to administer the oath of office to him; (2) he was not appointed in writing; and (3) his appointment was not filed with the county clerk. Sawyers argues, therefore, that neither the Iron County Attorney nor the deputy county attorney had author-

1. Utah Code Ann. § 52–2–1 (1989) provides in pertinent part:

   Whenever any person duly elected or appointed to any office of the state or any of its political subdivisions, fails to qualify for such office within sixty days after the date of beginning of the term of office for which he was elected or appointed, such office shall thereupon become vacant and shall be filled as provided by law.

2. Utah Code Ann. § 17–16–11 (Supp.1991) provides in pertinent part:

   The board of county commissioners shall prescribe by ordinance the amount in which the following county and precinct officers shall execute official bonds before entering upon the discharge of the duties of their respective offices, viz: county clerk, county auditor, sheriff, county attorney, county recorder, county assessor, county surveyor, justice court judge, and constable, and the board may by ordinance require any deputy or assistant of any such officer to execute an official bond before entering upon the discharge of the duties of his [or her] office.... All official bonds shall be recorded in the office of the county recorder and then filed and kept in the office of the county clerk.

3. Utah Code Ann. § 17–16–7(3) (Supp.1991) provides in pertinent part: "The appointment of a deputy shall be made in writing and filed in the office of the county clerk. Until the appointment is made and filed, and the person has taken the oath of office as a deputy, he is not a deputy...."

ity to sign the information or to prosecute him.

We find *State v. Gambrell,* 814 P.2d 1136 (Utah App.1991), to be controlling. *Gambrell* considered substantially identical arguments and the same Iron County Attorney, Scott Burns. In *Gambrell,* the defendant appealed his conviction of three counts of negligent homicide on the ground that the trial court lacked jurisdiction over his prosecution because the Iron County Attorney had not filed an appropriate bond. *Gambrell* held that although the county attorney had not filed an appropriate bond, he was a de facto county attorney. As a result, the information he filed was valid and thus, the trial court had jurisdiction. We explained that "[u]nder the de facto doctrine the acts of one who assumes official authority and exercises duties under color of a valid appointment or election are valid where the community acquiesces to his authority." *Id.* at 1139.

Sawyers contends that there must be a fact-finding hearing to determine whether the county attorney and the deputy county attorney in this case held themselves out as holding their respective offices and if the public acquiesced to their apparent authority. Sawyers concedes that the county attorney won the election and we take judicial notice that both the county attorney and the deputy county attorney are carrying out the responsibilities of their respective offices and discharging their duties. *Id.;* Utah R.Evid. 201(b), (c).

We conclude that even if there were deficiencies in complying with statutory requirements, both Scott Burns and his chief deputy were acting as de facto county attorneys and that their official actions are valid. Therefore, they had authority to sign the information and to prosecute Sawyers and the trial court had proper jurisdiction over this matter. .

*Other Issues*

Sawyers raises two other issues on appeal, which may be dealt with summarily. Sawyers argues that his privileges against self-incrimination and unreasonable search and seizure as well as his due process right under the Utah Constitution were violated because the trial court ordered him to provide handwriting samples. We find that the trial court properly requested the samples pursuant to Utah Code Ann. § 77–35–16(h)(7) (now Utah R.Crim.P. 16(h)(7)) and that under *American Fork v. Crosgrove,* 701 P.2d 1069 (Utah 1985), Sawyers's rights were not violated.

Sawyers also contends that he was convicted under a statute that has been ruled unconstitutional. Although portions of the Controlled Substances Act were found to be unconstitutional delegations of legislative authority in *State v. Gallion,* 572 P.2d 683 (Utah 1977), Sawyers was convicted under Utah Code Ann. §§ 58–37–4(2)(a)(iii)(L) and 58–37–8 (Supp.1990). These portions of the Act were not affected by *Gallion* and therefore have not been ruled unconstitutional. *See State v. Green,* 793 P.2d 912 (Utah App.1990).

## CONCLUSION

We conclude that the trial court had jurisdiction over Sawyers. We find the other two issues raised to be without merit. We, therefore, affirm Sawyers's conviction.

BENCH and ORME, JJ., concur.